DANIEL W. LAWSON, d. b. *vs.* LAYTON AND LAYTON, Incorporated, a corporation created by and existing under the Laws of the State of Delaware, p. b.

JUSTICES OF THE PEACE—FORTHWITH SUMMONS—AFFIDAVIT—SUFFICIENCY.

Under *Rev. Code* 1852, amended to 1893, *c.* 99, § 2, as amended by 24 *Del. Laws, c.* 241, providing that summons may be issued, returnable forthwith, if the justice shall be satisfied by the oath of the plaintiff, or, if the plaintiff be a corporation, by the oath of any officer of such corporation that there is danger of his losing the benefit of his process by delay, an affidavit by one as an individual, deposing that defendant is justly indebted to "him", and that "he" has cause to believe there is danger of his losing the benefit of his process by delay, though signed by the individual as treasurer of a corporation, is insufficient to authorize the issuance of forthwith summons in an action by the corporate plaintiff.

(<em>February</em> 18, 1913.)

Judges BOYCE and CONRAD sitting.
*Woodburn Martin* for plaintiff in *certiorari.*
*Daniel J. Layton, Jr.,* for respondent.
Superior Court, Sussex County, February Term, 1913.

Action before a justice of the peace by Layton and Layton, Incorporated, a corporation, against Daniel W. Lawson.   There was a judgment for plaintiff and defendant brings *certiorari.* Reversed.

CERTIORARI (No. 18, February Term, 1913) directed to a justice of the peace in and for Sussex County, commanding him to send up the record of the judgment entered by him.

BOYCE, J., delivering the opinion of the court:

It appears by the record sent up in this case that Layton and Layton, Incorporated, a corporation created by and existing under the laws of the State of Delaware, is plaintiff and Daniel W. Lawson is defendant in the judgment below. A forthwith summons issued, and was returned, served personally, the return of service being verified. The defendant failing to appear, the justice after having heard the proofs and allegations of the plaintiff, rendered judgment against the defendant by default in favor of the plaintiff.

Under *Section* 2, *Chapter* 99, *Revised Code*, as amended (24 *Del. Laws, c.* 241), summons may be issued returnable forthwith, if the justice shall be satisfied by the oath of the plaintiff that there is danger of his losing the benefit of his process by delay. The affidavit made in this case is "that *Landreth L. Layton* personally appeared before William A. Warrington, a justice of the peace," etc., "and made oath in due form, and deposeth and saith that the defendant is justly indebted to *him* in the sum of $196.04, and *he* has just cause to believe there is danger of losing the benefit of *his* process by delay." While the affidavit is signed by Landreth L. Layton, treasurer for Layton and Layton, Incorporated, it was made by Landreth L. Layton, individually, in which he deposes that the defendant is indebted to him, not to the plaintiff corporation, and that he personally and not the plaintiff believes there is danger of losing the benefit of his process by delay.

By *Chapter* 241, *Volume* 24, *Laws of Delaware*, said *Section* 2, *Chapter* 99, *Revised Code*, is amended by adding after the word "plaintiff" and before the word "that" the following words: "or, if the plaintiff be a corporation, by the oath of any officer of said corporation."

Without taking up the several assignments of error, we will confine our consideration to the fourth, which is: "For that the plaintiff did not make oath that there was danger of its losing the benefit of its process by delay." The provision of the statute, making the required oath of the plaintiff necessary in case of a summons returnable forthwith, is mandatory, before a judgment

by default can be entered. When the action is by a corporation, it is necessary that the oath be made by some officer of the corporation. It is obvious that the affidavit filed in this case was not made by any officer of the plaintiff corporation for and on behalf of the corporation.

We therefore order that the judgment below be reversed.